IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Hand Held Products, Inc., *d/b/a Honeywell Scanning & Mobility*; Intermec Technologies Corporation; *and* Intermec IP Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>The Code Corporation,<br><br>Defendant. | Civil Action No. 17-167-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on Plaintiffs' motion to dismiss Defendant's counterclaims and to strike in part Defendant's affirmative defenses (Dkt. No. 51). For the reasons set forth below, the Court denies the motion.

**I. Background**

Plaintiffs Hand Held Products, Intermec Technologies, and Intermec IP (collectively "Honeywell") and Defendant The Code Corporation ("Code") compete in the 2D healthcare barcode reader market. In the present action, Honeywell asserts Code's CR2600 barcode reader infringes six patents (U.S. Patent Nos. 6,607,128, 8.096,472, 6,249,008, 6,538,413, 6,039,258, 6,491,223) held by Honeywell. Code asserts that Honeywell's potential recovery from this action is small because two of the asserted patents expired before the filing of the complaint (the '413 Patent and the '223 Patent), because a third expired before Code's answer to the complaint (the ''008 Patent), because a fourth expires on July 17, 2017 (the '258 Patent), and because Code redesigned the CR2600 to distinguish it from Honeywell's '128 Patent and '472 Patent promptly upon service of the complaint. (Dkt. Nos. 38 ¶¶ 208–13, 52 at 4.) Honeywell's true purpose in bringing this action, according to Code, is as a pretense to disparage Code with false statements

and to interfere with Code's contractual relationships with its customers, thereby driving Code from the market. (Dkt. Nos. 38 ¶¶ 214–36, 52 at 4.)

Honeywell filed an amended complaint on April 14, 2017 and Code filed an amended answer on April 27, 2017. On May 11, 2017, Honeywell moved to dismiss Code's counterclaims and to strike certain of Code's affirmative defenses. Honeywell argues the amended answer fails to provide a sufficient factual basis for those counterclaims and affirmative defenses.

## II.   Legal Standard

### A.   Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The standard for ruling on a motion to dismiss a counterclaim is the same as the standard for ruling on a motion to dismiss a claim. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

B.  **Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure permits striking an "insufficient defense" from a pleading. To grant a Rule 12(f) motion, the court must determine that the challenged allegations are "so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (2d ed. 1990)). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting *id.*). "Traditionally, it imposes a sizable burden on the movant, and courts typically strike defenses only when they have no possible relation to the controversy." *Lopez v. Asmar's Mediterranean Food, Inc.*, Civ. No. 1:10-1218, 2011 WL 98573, at *1 (E.D. Va. Jan.10, 2011) (citation and internal quotation marks omitted). "Nevertheless, a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Waste Mgmt. Holdings*, 252 F.3d at 347 (internal quotation marks omitted). "[W]henever granted, the defendant should generally be given leave to amend." *Palmer v. Oakland Farms, Inc.*, Civ. No. 5:10-29, 2010 WL 2605179, at *2 (W.D. Va. June 24, 2010).

## III. Discussion

### A. Invalidity and Non-Infringement Counterclaims

To survive a motion to dismiss, a complaint (or counterclaim) must "show"—not merely "state"—that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 678. Entitlement to relief is shown by alleging facts sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Honeywell argues Code's invalidity and non-infringement counterclaims fail to meet that standard (and that *Twombly* and *Iqbal* provide the pleading standard for affirmative defenses and that Code's invalidity and non-infringement affirmative defenses likewise fail to meet that standard). The counterclaims state

> 252. The Code Corporation does not infringe and has not infringed, literally or by the doctrine of equivalents, any valid and enforceable claim of the '258, '008, '223, '413, '128, and '472 patents, either directly, contributorily, by inducement, jointly, or in any other manner.
>
> . . .
>
> 254. On information and belief, each and every claim of the '258, '008, '223, '413, '128, and '472 patents is invalid for failure to comply with the conditions and requirements for patentability specified in, but not limited to, 35 U.S.C. §§ 101-103, 111-113, and 116 in effect at the time the patent issued.

(Dkt. No. 38 at 48.) Those isolated statements indeed are conclusory, but the amended answer provides ample factual support for Code's counterclaims. In its 52-page amended answer, Code provides extensive factual allegations regarding its bar code scanner technology and Honeywell's claims regarding that technology. (Dkt. No. 38 ¶¶ 161–213.)

Honeywell's objection appears to regard not the adequacy of Code's factual allegations but rather the adequacy of the presentation of the legal theory supporting Code's counterclaims. (*See* Dkt. No. 51 at 6 ("Indeed, the seven sections of the Patent Act that Code has recited in its invalidity counterclaim set out more than twelve distinct legal bases for rendering a patent invalid, but Honeywell—and the Court—are left to guess at which, if any, actually form the basis of Code's

claim." (footnote omitted)).) Failure to provide the legal basis for a claim, however, is not a basis for a motion to dismiss. *Twombly* and *Iqbal* "concern the *factual* allegations a complaint must contain to survive a motion to dismiss." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014) (emphasis in original). A pleader is not required to provide a perfect "statement of the legal theory supporting the claim asserted." *Id.* at 346. In *Johnson*, the Supreme Court held the *Twombly* and *Iqbal* standard satisfied where plaintiffs "stated simply, concisely, and directly events that, they alleged, entitled them to damages" even though they did not cite the appropriate statute at all. *Id.* at 347. That reasoning applies equally where a claimant purportedly cites too many statutes.

The adequacy of the factual allegations in the amended answer is a sufficient cause to deny Honeywell's motion as to Code's invalidity and non-infringement counterclaims. But even if, *arguendo*, Code's invalidity and non-infringement counterclaims were examined as standalone statements, "after *Twombly* and *Iqbal*, courts have upheld such pleadings as sufficient" in patent cases where the parties are required to make early disclosure of infringement and invalidity contentions. *Wistron Corp. v. Phillip M. Adams & Assocs.*, LLC, No. C-10-4458 EMC, 2011 WL 1654466, at *11 (N.D. Cal. Apr. 28, 2011). This is because early disclosure of invalidity and infringement contentions satisfies the purpose of *Twombly* and *Iqbal* "to weed out frivolous litigation where insufficient facts are alleged to form the basis for a claim." *In re S. Tex. Oil Co.*, No. 09-52433-C, 2010 WL 1903750, at *2 (Bankr. W.D. Tex. May 10, 2010) (spelling error corrected). In this case, the parties are required to make early disclosure of infringement and invalidity contentions. After service of the amended answer but before the present motion to dismiss, Honeywell and Code jointly moved for scheduling and discovery orders that require Honeywell to provide details of its infringement contentions by May 15, 2017, Code to provide

details of its invalidity contentions by July 31, 2017, and both parties to exchange preliminary claim constructions by August 18, 2017. (Dkt. Nos. 42 & 43.)

Honeywell argues that early disclosure does not affect the pleading standard applicable to Code's counterclaims because the cases holding early disclosure of invalidity and infringement contentions satisfies the purpose of *Twombly* and *Iqbal* generally are from districts having local patent rules developed to deal with heavy patent-litigation caseloads, and those cases reason that requiring a more fulsome factual statement in initial pleadings would circumvent those local rules. (*See* Dkt. No. 53 at 2–4.) According to Honeywell, those cases are inapposite because this District has no local patent rules and, even if it did, "'[u]sing local patent rules to alter a defendant's pleading obligations, while perhaps practical given the very unique nature of federal patent litigation, offends the trans-substantive character of federal procedure,' and that 'even when local patent rules are adopted, they cannot modify a defendant's pleading standard for counterclaims under the national rules.'" (*Id.* at 2 (quoting *RAH Color Techs. LLC v. Ricoh USA Inc.*, 194 F. Supp. 3d 346, 351 (E.D. Pa. 2016).)

While there are no local patent rules in this District, there is an order in this case—an order for which Honeywell jointly moved after service of the amended answer—requiring early disclosure of invalidity contentions. (Dkt. No. 50.) The logic of cases holding that a heightened pleading standard would circumvent local patent rules requiring early disclosure applies even more persuasively where applying that standard on a motion to dismiss would circumvent an early-disclosure order that the movant agreed to. Even if local patent rules cannot modify a defendant's pleading standard for counterclaims, the parties certainly can agree to relax the pleading standard. Here, the parties agreed Code would provide Honeywell a statement of its invalidity contentions that is far beyond what is required by *Twombly* and *Iqbal* (*see* Dkt. No. 43 (describing the level of

detail required in disclosure of invalidity contentions)), but that Code would do so about ten weeks after the service of the amended answer. If Honeywell felt it needed more details about Code's invalidity contentions by April 14th (when the amended answer was filed) then it should not have moved the Court to order disclosure of those details by July 31st.

Indeed, given that Honeywell agreed to disclosure of Code's invalidity contentions in July, the Court struggles to imagine what purpose the motion to dismiss Code's invalidity counterclaim serves. It is especially difficult to imagine a valid purpose because the Court has granted leave to amend the complaint and the answer any time before September 18, 2017 so long as the amended pleading asserts no new patents. (Dkt. No. 50.) Honeywell agreed to that as well. (Dkt. No. 42.) So even if the Court were to grant Honeywell's motion, Honeywell *has already agreed* that Code may reassert its invalidity counterclaim simply by pasting its July 31st disclosures into an amended answer. That is equally true of Code's non-infringement counterclaim—Honeywell has agreed Code may reassert the counterclaim after receiving Honeywell's infringement contentions and after preliminary claim construction. (Dkt. No. 50.)

The Court therefore denies Honeywell's motion to dismiss Code's invalidity and non-infringement counterclaims.

## B. State Law and Lanham Act Counterclaims

Code asserts counterclaims for injurious falsehood and tortious interference under Utah and South Carolina law, based on Honeywell's post-suit communications about its claims of infringement against Code. (Dkt. No. 38 ¶¶ 215–36.) Honeywell argues the Patent Act preempts these state-law counterclaims. The Federal Circuit has held that "federal patent law preempts state-law tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation." *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004). Preemption occurs because

"A patentee that has a good faith belief that its patents are being infringed violates no protected right when it so notifies infringers." Accordingly, a patentee must be allowed to make its rights known to a potential infringer so that the latter can determine whether to cease its allegedly infringing activities, negotiate a license if one is offered, or decide to run the risk of liability and/or the imposition of an injunction. *Va. Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 869 (Fed. Cir. 1997); *see also Virtue v. Creamery Package Mfg. Co.*, 227 U.S. 8, 37–38 (1913) ("Patents would be of little value if infringers of them could not be notified of the consequences of infringement, or proceeded against in the courts. Such action, considered by itself, cannot be said to be illegal."). The federal patent laws thus bar state-law liability for communications concerning alleged infringement so long as those communications are not made in "bad faith."

*Id.* at 1374–75 (parallel citations and subsequent history omitted). In this context, "bad faith" is an objective standard. To avoid preemption, the infringement claim must be "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *Id.* at 1376 (citing *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993)). It is insufficient merely to allege that "a subjective expectation of success does not motivate the litigant." *Id.* at 1375.

Code concedes that "[h]ad Honeywell limited its conduct to notifying The Code Corporation's customers about their potential infringement and warning about possible litigation, then The Code Corporation's state law claims might well be preempted." (Dkt. No. 52 at 20.) But Honeywell, according to Code, went further and included assertions about Code's viability, like telling Code's customers that this lawsuit would "bury Code" and "put Code out of business." (Dkt. No. 38 ¶¶ 235–36.) Code argues preemption is inapplicable because Honeywell's conduct extends beyond the scope of *Globetrotter*.

Code's argument is persuasive. Preemption applies only where communications made by a patentee "make its rights known to a potential infringer." *See Globetrotter*, 362 F.3d at 1374. Comments about Code's viability as a going concern and the economic impact of a patent suit on

Code have nothing to do with Honeywell's patent rights, and so the Patent Act does not preempt state laws that may make those comments actionable.

Code also asserts a counterclaim under section 43 of the Lanham Act, alleging Honeywell made false statements of fact in commercial advertisements about Code. (Dkt. No. 38 ¶¶ 269–74.) Honeywell argues Code's Lanham Act counterclaim is barred by the *Noerr-Pennington* doctrine, which protects parties engaged in activity incidental to the First Amendment right to petition the government for redress, including litigation and, in some instances, demand letters. *See Allied Tube & Conduit Corp. v. Indian Head*, 486 U.S. 492, 499 (1988); *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510–11 (1972). That argument fails for the same reason Honeywell's preemption argument fails—Code alleges conduct unrelated to Honeywell's patent rights. If Honeywell merely notified Code's customers of patent infringement and warned of possible legal action, then a Lanham Act counterclaim might well be barred. But the *Noerr-Pennington* doctrine does not immunize knowingly making false statements to a competitor's customers that a pending lawsuit will put the competitor out of business, which is what Code alleges Honeywell has done here.

## C.   Affirmative Defenses

Honeywell argues that the *Twombly* and *Iqbal* standard for pleading claims also applies to affirmative defenses and that, because the amended answer does not meet that standard regarding five of Code's affirmative defenses, those affirmative defenses should be struck under Rule 12(f) of the Federal Rules of Civil Procedure. Before considering that argument, the Court finds that even under *Twombly* and *Iqbal*, two of the challenged affirmative defenses—invalidity and non-infringement—are adequately pleaded for the reasons given above regarding the nearly identically worded invalidity and non-infringement counterclaims. The issue of what pleading standard

therefore applies only to three affirmative defenses: contractual limitation of damages; laches, waiver, and estoppel; and failure to mark.

Rule 8(b)(1)(A) of the Federal Rules of Civil Procedure provides that "a party must ... state in short and plain terms its defenses to each claim asserted against it" and Rule 8(c)(1) provides that "a party must affirmatively state any avoidance or affirmative defense." One court in this Circuit has noted

> To date, no appeals courts have considered whether this standard should apply to affirmative defenses as well as claims for relief. A slight majority of district courts, including those in the Fourth Circuit, have found that *Twombly/Iqbal* should apply to affirmative defenses, though a sizeable minority has found otherwise.

*Grant v. Bank of Am., N.A.*, No. 2:13-CV-342, 2014 WL 792119, at *3 (E.D. Va. Feb. 25, 2014) (internal quotation marks and citations omitted); *see also Monster Daddy LLC v. Monster Cable Prod., Inc.*, Civ. No. 6:10-1170-HMH, 2010 WL 4853661, at *7 (D.S.C. Nov. 23, 2010) ("[T]he majority of district courts that have confronted the issue have concluded that affirmative defenses are subject to the heightened pleading requirements enunciated in *Twombly* and *Iqbal*."). The "recent trend," however, is "finding the *Twombly-Iqbal* standard inapplicable to affirmative defenses." *Cohen v. SunTrust Mortg., Inc.*, Civ. No. 3:16-2513-CMC, 2017 WL 1173581, at *3 (D.S.C. Mar. 30, 2017); *compare Baron v. Directv, LLC*, No. CV JKB-16-3145, 2017 WL 68688, at *1 (D. Md. Jan. 6, 2017) ("The Court reaffirms its earlier holding that a defendant's affirmative defenses need not be pleaded according to the *Iqbal-Twombly* standard.") *with Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 536 (D. Md. 2010) ("This Court agrees with the reasoning employed by the courts that have applied the [*Iqbal-Twombly*] plausibility standard to affirmative defenses.").

Decisions of the District of South Carolina on this issue are split. *Compare Cohen*, 2017 WL 1173581, at *3 *with Monster Daddy*, 2010 WL 4853661, at *7. In the more recent *Cohen*

case, Judge Cameron McGowan Currie found compelling the reasoning of the Middle District of Florida in *Ability Hous. of Ne. Florida, Inc. v. City of Jacksonville*, No. 3:15-CV-1380-J-32PDB, 2016 WL 816586, at *1 (M.D. Fla. Mar. 2, 2016). 2017 WL 1173581. In *Ability Housing*, the district court reasoned that *Twombly* and *Iqbal* should not apply to affirmative defenses for two reasons: "First, the text of Rule 8 does not support the extension. Whereas its pleading provision uses 'showing,' its response and affirmative-defense provisions use "state," and the analyses in *Iqbal* and *Twombly* relied on 'showing.' Second, the 21-day response period is insufficient to gather information to include supporting factual allegations." 2016 WL 816586, at *2 (adopting analysis provided in Stephen Mayer, Note, *An Implausible Standard for Affirmative Defenses*, 112 Mich. L. Rev. 275, 285–87 (2013)). This Court also finds that reasoning persuasive, and like the *Cohen* court notes that the recent trend has been against the application of *Twombly* and *Iqbal* to affirmative defenses, which is now the minority position. *See* 2017 WL 1173581, at *3; Mayer, *supra*, at 285 & n.65 (noting that "although 'a majority of early cases applied the heightened standard, this is now the minority approach'").

The Court therefore holds that *Twombly* and *Iqbal* do not provide the pleading standard applicable to affirmative defenses. "Prior to the Supreme Court's decisions in *Twombly* and *Iqbal*, the United States Court of Appeals for the Fourth Circuit held that general statements of affirmative defenses were sufficient provided they gave plaintiffs fair notice of the defense." *Francisco v. Verizon S., Inc.*, Civ. No. 3:09-737, 2010 WL 2990159, at *6 (E.D. Va. July 29, 2010) (citing *Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004)). The amended answer's general statements of Code's affirmative defenses provide Honeywell fair notice of Code's defenses. The Court therefore denies the motion to strike Code's contractual limitation of damages, laches, waiver, and estoppel, and failure to mark affirmative defenses.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion to dismiss Defendant's counterclaims and to strike in part Defendant's affirmative defenses (Dkt. No. 51).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 9, 2017
Charleston, South Carolina